IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUAN CARLOS RODRIGUEZ,** | : | Civil No. 1:12-CV-258 |
| | : | |
| Petitioner, | : | (Judge Caldwell) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **COURT OF COMMON PLEAS OF** | : | |
| **LACKAWANNA COUNTY, et al.,** | : | |
| | : | |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

**I.  Statement of Facts and of the Case**

State prisoners seeking federal habeas corpus relief under 28 U.S.C. § 2254 must satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner "has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). The instant *pro se* petition filed by a state prisoner challenging a state conviction presents us with the very model of an unexhausted petition, a habeas corpus petition which, on its face, reveals that the petitioner has not yet exhausted his state remedies.

We know that Rodriguez has not yet exhausted his state remedies because this *pro se* petition, although filed in federal court, is actually addressed to the state courts of Pennsylvania and seeks relief from the state courts setting aside Rodriguez's state conviction. Thus, the petition itself is addressed to "the Supreme Court of

Pennsylvania" (Doc. 1), and specifically seeks action by the "Chief Justice and Justices of the [state] Supreme Court". (Id.)  The petition then recites a series of alleged violations of state law, (Id. ¶¶ 4 and 5), and urges the state court to set aside this state conviction and sentence based upon these claims infractions of state law.

Because the petition is, on its face, plainly unexhausted, it is recommended that this petition be denied without prejudice to Rodriguez properly first pursuing relief in the state courts and then later filing a petition in federal court, if necessary, once he has fully exhausted his state remedies.

## II. Discussion

### A. Rodriguez's Federal Habeas Petition Is Premature Since the Petitioner Has Not Exhausted His State Remedies

In this case, we find that the petitioner has not made out a valid case for pursuing habeas relief prior to exhausting his state remedies, as required by 28 U.S.C. § 2254(d).  This showing is a prerequisite for a successful habeas petition in this particular factual context.  Therefore, since the petitioner has not made a showing justifying habeas relief at this time, this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Summary dismissal of this habeas petition would be appropriate here since it is well-settled that state prisoners seeking relief under Section 2254 must satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner " has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. See Whitney v. Horn, 280 F.3d. 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). As the Supreme Court has aptly observed: "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation. Rose v. Lundy, 455 U.S. 509, 518 (1982). Requiring exhaustion of claims in state court also promotes the important goal of ensuring that a complete factual

record is created to aid the federal courts in their review of a § 2254 petition. <u>Walker v. Vaughn</u>, 53 F.3d 609, 614 (3d Cir. 1995). A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts. <u>Evans v. Court of Common Pleas</u>, 959 F.2d 1227, 1231 (3d Cir. 1992); <u>Santana v. Fenton</u>, 685 F.2d 71, 73-74 (3d Cir. 1982). A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court." <u>Parker v.Kelchner</u>, 429 F.3d 58, 63 (3d Cir. 2005).

While this exhaustion requirement compels petitioners to have previously given the state courts, a fair "opportunity to apply controlling legal principles to the facts bearing upon [the petitioner's] constitutional claim," <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971), this requirement is to be applied in a commonsense fashion. Thus, the exhaustion requirement is met when a petitioner submits the gist of his federal complaint to the state courts for consideration, without the necessity that the petitioner engage in some "talismanic" recitation of specific constitutional claims. <u>Evans</u>, 959 F.2d at 1230-33. Similarly, a petitioner meets his obligations by fairly presenting a claim to the state courts, even if the state courts decline to specifically address that

claim. See Dye v. Hofbauer, 546 U.S. 1(2005) (per curiam); Johnson v. Pinchak, 392 F.3d 551, 556 (3d Cir. 2004).

Here, Rodriguez's pleading, while filed in federal court, is addressed to the Pennsylvania Supreme Court and seeks relief from that state court citing violations of state law as grounds for setting aside this state conviction and sentence. (Doc. 1) Therefore, on the face of this pleading, it is evident that Rodriguez is still endeavoring to exhaust his state remedies as he must do before proceeding to federal court. Since Rodriguez is plainly attempting to seek relief from the courts of Pennsylvania, he has defined his petition as an unexhausted petition, one in which the prisoner-petitioner "has [not yet] exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b).

In sum, since Rodriguez is still litigating this case in state court, and has apparently erroneously filed a petition meant for the Supreme Court of Pennsylvania with this Court, his petition for writ of habeas corpus should be denied without prejudice while he exhausts his state remedies, and Rodriguez should be instructed to complete his litigation in state court before filing a petition in federal court.

### III. **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus filed pursuant to 28, United States Code, § 2254, IT IS

RECOMMENDED that the Petition be DENIED, without prejudice to the filing of a petition in federal court once the petitioner has fully exhausted his state remedies.

The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 13th day of February 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge